UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE JOSEPH KREN,<br><br>Defendant. | Case No. 1:14-cr-00069-BLW<br><br>**REPORT AND RECOMMENDATION** |

On August 25, 2014, Defendant LAWRENCE JOSEPH KREN appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 17), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

**REPORT AND RECOMMENDATION - 1**

sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt pursuant to Section 3143(a)(2) (Mandatory Detention Act), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant was released on his own recognizance and subject to a stringent combination of conditions imposed by U.S. Magistrate Judge Mikel H. Williams on April 10, 2014, including third party custodial residence with his sister, home detention and location monitoring. (Dkt. 24.) Since his pretrial release commenced, Defendant has participated in medical evaluation and treatment on a regular basis for a variety of illnesses, some of which are chronic in nature. Additionally, Defendant's diet is subject to restrictions due to his high blood pressure and celiac disease. Defendant is of advanced age and his sister or friends provide his transportation. He has been compliant with pretrial release, although counsel noted one potential exception of conduct described as disorderly on one occasion at the VA facility but which has not been reduced to a formal report or charge against Defendant. His sister and third party custodian stated on the record that she is willing to continue her supervision of Defendant as a third party custodian.

**REPORT AND RECOMMENDATION - 2**

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption in the course of evaluation and treatment of Defendant's medical condition and diet that likely would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)  The District Court accept Defendant LAWRENCE JOSEPH KREN's plea of guilty to Count Two of the Indictment (Dkt. 17);,

2)  The District Court order forfeiture consistent with Defendant LAWRENCE JOSEPH KREN's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 17);

3)  The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts One and Three of the Indictment (Dkt. 17) as to Defendant; and

4)  The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed by Judge Williams in the Amended Order Setting Conditions of Release (Dkt. 24).

Written objections to this Report and Recommendation must be filed within

fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: August 26, 2014

                                                     CANDY WAGAHOFF DALE
                                                   CHIEF U.S. MAGISTRATE JUDGE